UNITED STATES of America, Plaintiff—Appellee,

v.

August W. HUEBNER, Defendant—Appellant.

No. 04–30153.
D.C. No. CR–03–00046–DWM.

United States Court of Appeals, Ninth Circuit.

---

Submitted Jan. 11, 2005.*

Decided Jan. 28, 2005.

Kris A. McLean, Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Michael Donahoe, Federal Defenders, Helena, MT, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, GRABER and FISHER, Circuit Judges.

· MEMORANDUM**

Huebner appeals the district court's denial of his motion to suppress evidence seized pursuant to a warrantless search of his trailer. Officers Burt and McDermott mistakenly searched Huebner's Trailer # 7 in response to a 911 call reporting an overdosing woman at Unit # 7 (a cabin) in the same trailer park.

■ The officers' initial search met all three of our requirements for a warrantless emergency search. *See United States v. Cervantes,* 219 F.3d 882, 888· (9th Cir. 2000). First, the 911 call gave the officers reasonable grounds to believe there was an emergency at hand and an immediate need for their assistance. Second, there is no evidence that the officers' search was primarily motivated by an intent to seize evidence. Finally, the officers made a reasonable mistake of fact in arriving at Trailer # 7 rather than Cabin # 7. *Cf. Maryland v. Garrison,* 480 U.S. 79, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987) (upholding search of wrong apartment where officers' mistake of fact was reasonable given the objective facts known to them at the time). They therefore had "some reasonable ba-

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sis, approximating probable cause, to associate the emergency with the area or place to be searched." *Cervantes,* 219 F.3d at 888.

 While searching Huebner's trailer for the overdosing woman, the officers saw evidence of Huebner's marijuana growing operation. After leaving his trailer and reporting to Cabin #7 to check on the woman, the officers returned and obtained Huebner's written consent for a second warrantless search of the trailer. This search was not fruit of the poisonous tree because the first search was lawful under the emergency doctrine; and, the second search was itself lawful because Huebner signed the consent form voluntarily and intelligently. *See United States v. Torres–Sanchez,* 83 F.3d 1123, 1129 (9th Cir.1996).

We **AFFIRM** the district court's order denying Huebner's motion to suppress.